HULDAH H. CLAPP *v.* ROBERT C. CLAPP *et al.*

*Supreme Court, First Department; General Term, November* 7, 1889.

1. *Receiver.  Liability.*—An order directing, upon notice to the parties, a receiver to transfer the assets to his successor, protects him in the delivery of the assets, so far as they remain under his control.
2. *Same.*—His liability, upon appointment of his successor, is limited to such diminution or loss as happened through his inattention, carelessness or misconduct.   Before any direction can be made for the payment of such loss, the amount must be ascertained by proof.

Reargument of an appeal previously heard and decided by this court.

*Wheeler H. Peckham,* for appellant, Thos. B. Rand, receiver.

*A. C. Brown, William Mitchell* and *George C. Holt,* for respondents.

DANIELS, J.—This case was very fully considered when it was before this court on the first hearing of the appeal, Clapp *v.* Clapp, 49 Hun, 195, and a re-examination of the evidence contained in it fails to entitle the respondents to any greater measure of relief than that which has already been allowed.   The property in the hands of the receiver was directed to be transferred and delivered over to his successor.   This was done under an order of the court before which the parties to the action had an opportunity to be heard.   And having been made in that manner, it protected the receiver, who was removed, in the delivery of the assets of the estate, so far as they remained under his control, to the person who succeeded him in the same office.   This sub-

ject was examined in Herring v. N. Y. Lake Erie, etc., R. R. Co., 105 N. Y. 340, and in Sullivan v. Miller, 106 N. Y. 635, and that effect was given to orders obtained from the court in this manner.

After the property was delivered over pursuant to this direction, it was in the hands of the succeeding receiver for the benefit of the creditors of the estate. They were entitled to resort to it for the payment of their debts, or so much of them as the assets would be able to pay. What was left against the appellant, who was the preceding receiver, was a liability to account for and pay over to his successor so much as the estate had diminished or lost by his inattention, carelessness, or misconduct; and no authority has been found, or cited, imposing any greater degree of liability than this upon him. To that extent he should, as has already been held, account and indemnify this estate for the loss it has sustained through his mismanagement and misconduct.

But before any further direction can be made for the payment of the loss so sustained, it must be ascertained by proof showing how far the assets diminished in value, or were lost, owing to the misconduct of the appellant as receiver. The proceeding in the end, so far as he may be liable in case of his non-payment of the amount in this manner to be proved against him, will be one for his punishment by way of contempt; and that never is permitted in a civil proceeding without the fact being first established that the party has become liable to such punishment, and the extent to which it may be inflicted upon him.

The directions which have already been given for the ascertainment of the extent of the loss, and of the liability of the receiver to respond, are as favorable as the circumstances in the case will justify. He can very obviously not be held liable for the assets, or their value, as they passed into the hands of his successor under the order of the court. Their full benefit was secured to the creditors by this transfer to

his successor, and all that remains to complete the proceeding is to ascertain the loss occasioned to the estate through the misconduct of this receiver, and when that has been ascertained, to provide, in the manner the law will allow that to be done, for its payment. The extent of the liability is reasonably free from doubt, and the proceedings by which it is to be enforced and completed seem to be free from all reasonable ground of uncertainty. No change can be made in the direction which has already been given, and an order should be entered reaffirming that direction, with costs.

BRADY, J., concurs.

## NOTE ON " LIABILITY OF RECEIVER."

The payment of rent by a receiver on premises formerly occupied by the corporation of which he was receiver up to and incluJing a fixed date, makes him chargeable with the rent and taxes which fell due subsequent to that date. Moore *v.* Higgins, 53 Hun, 629. This is sufficient to show an acceptance of the lease. Id.

A receiver is not chargeable for rents and taxes on a lease, which accrued prior to his appointment. Moore *v.* Higgins, *ante.*

A receiver is not liable for payments made in obedience to an improvident order of court. Matter of Home P. F. Ass'n, 60 Hun, 584.

Payments, made under such order, should be returned to receiver. Id.

A receiver, acting upon his own responsibility, is individually liable for debts created in running a hotel under a manager. Sayles *v.* Jourdan, 50 Hun, 604.

He remains liable, though the business is conducted by the manager for himself, unless due notice of the change is given. Id.

A receiver is liable in his individual capacity for the compensation of an employee in matters pertaining to the execution of the trust. Ryan *v.* Rand, 20 Abb. N. C. 313. The receiver's contract does not bind the estate. So a receiver of property in litigation is personally liable for the fees of a stenographer employed by his attorney to take the testimony upon a reference to state his accounts as receiver. Id.

A receiver's liability, upon the appointment of a successor, is limited to such diminution or loss as happened through his inattention, carelessness or misconduct. Clapp *v.* Clapp, 54 Hun, 638.

A receiver is personally liable, without an express agreement, for the expenses incurred by his direction, for the preservation and use of the trust property. Rogers *v.* Wendell, 54 Hun, 540.

Note on "Liability of Receiver."

A receiver, who refuses upon an untenable ground to pay a dividend to a creditor, is chargeable with interest, but not where the delay is caused by the latter's default. People *v.* Remington & Sons, 59 Hun, 307.

A creditor, who has a judgment that his claim be paid by the receiver, cannot be affected by a judgment in another action to which he is not a party. Woodruff *v.* Jewett, 115 N. Y. 267; rev'g 37 Hun, 205.

The discharge of the receiver, obtained without notice to him, will be held subject to his judgment. Id.

After the receiver has been discharged, though without notice to the contracting party, he is not liable to an action on the contract. Corser *v.* Russell, 20 Abb. N. C. 316. Such contract is subject to the power of the court over the receiver. Id.

A receiver of a railroad, who operates and controls it in the usual manner, incurs the same liability for injuries to his employees as the corporation would have incurred. Graham *v.* Chapman, 58 Hun, 602.

A receiver appointed in an action to remove executors is not excused for failure to make any effort to obtain possession of the assets, by the principle that a receiver cannot sue without leave of court first obtained. Clapp *v.* Clapp, 49 Hun, 195. He should apply to the executors and demand delivery. Id. He is bound to the duty of active diligence in obtaining possession of the estate. Id. He is not to be personally charged with the amounts due to the estate which he has failed to collect, except to the extent to which they have been lost by his omission to act. Id.

A receiver, who is appointed by a judgment regularly obtained, which directs him to sell certain specified property, is not a trespasser in making such sale. Walling *v.* Miller, 108 N. Y. 173. All persons aiding and assisting him have the same protection. Id.